### · BLAZIC v. FORD MOTOR COMPANY

1. CONTRACTS—INDEMNITY—NEGLIGENCE—VALIDITY.
    A contract to indemnify one against his own acts of negligence is not necessarily invalid but will be carefully scrutinized and strictly construed.

2. SAME—INDEMNITY—PARTY STATUS—INVALID STIPULATIONS.
    Contracts to indemnify against one's own acts of negligence will not be enforced if the parties stand in an employer-employee relationship, nor if the party claiming indemnification is charged with a public duty.

3. SAME—INDEMNITY—CONSTRUCTION AND REPAIR—STATUTE—RETRO-ACTIVE EFFECT.
    Statute declaring invalid indemnification agreements for negligent acts in connection with or collateral to the construction or repair of buildings does not govern cases where the indemnitee's negligence occurred before the effective date of the statute (MCLA, § 691.991).

Appeal from Wayne, Dingeman (Harry J., Jr.), J. Submitted Division 1 June 11, 1968, at Detroit. (Docket No. 4,611.) Decided December 31, 1968. Leave to appeal denied June 4, 1969. See 382 Mich 758.

Complaint of negligence by Frank Blazic against Ford Motor Company, a foreign corporation, who as third party plaintiff brings action against Conveyor Engineering Company for indemnity. Motion

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indemnity § 1.
[2, 3] 41 Am Jur 2d, Indemnity § 15 *et seq.*

by Ford Motor Company for summary judgment against Conveyor Engineering Company denied, and Conveyor Engineering Company's motion for summary judgment granted. Ford Motor Company appeals. Reversed and remanded.

*Alexander, Buchanan & Conklin (Floyd S. Westcott,* of counsel), for third party plaintiff.

*Robert E. Fox* and *James R. Fletcher,* for third party defendant.

PER CURIAM. Ford Motor Company, defendant and third-party plaintiff contracted with Conveyor Engineering Company, third-party defendant, for certain construction work to be done on the premises of Ford. The contract contained the following provision:

"Seller shall be exclusively responsible for, shall bear, and shall relieve Buyer from liability for, all loss and/or expense and/or damage and/or claims resulting from bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, and/or on account of damage to or destruction of property, including that of Buyer, and/or on account of loss of use of such property arising out of, or in connection with the performance of Seller's work, including all work assigned to Seller, whether such loss, expense, damage and/or claims be caused by or result, in whole or in part, from the negligence or other conduct of Buyer, Seller, any subcontractor, or any of the employes, agents or servants of any of them, or any other person or persons whatsoever, except that Seller shall neither be responsible nor relieve Buyer from liability for the wilful misconduct of Buyer or any of its employes, agents or servants."

Plaintiff, Frank Blazic, an employee of Conveyor, brought suit against Ford Motor Company alleging that he was injured on the job as a result of Ford's negligence. Ford impleaded Conveyor as third-party defendant asserting that the above quoted language amounted to an indemnity contract. Ford then moved for summary judgment. Upon filing of briefs and oral argument the trial court denied Ford's motion and granted Conveyor summary judgment of dismissal of the third-party complaint on the ground that CL 1948, § 691.991, as added by PA 1966, No 165 (Stat Ann 1968 Cum Supp § 26.1146 [1]) rendered such indemnification agreements void and unenforceable.

This appeal asserts that the court erred in applying this statute which became effective March 10, 1967 to the instant contract which was entered into on April 22, 1964. Appellant claims that the statute was not intended to be applied retroactively and that since the statute deals with substantive rights rather than remedies or procedures, even if so intended, retroactive construction would violate the constitutional provision against the impairment of contracts.[1]

The statute reads:

"A covenant, promise, agreement or understanding in, or in connection with or collateral to, a contract or agreement relative to the construction, alteration, repair or maintenance of a building, structure, appurtenance and appliance, including moving, demolition and excavating connected therewith, purporting to indemnify the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee or indemnitee, his agents or employees, is against public policy and is void and unenforceable." CL 1948, § 691.991,

---

[1] US Const, art 1, § 10; Const 1963, art 1, § 10.

as added by PA 1966, No 165 (Stat Ann 1968 Cum Supp § 26.1146[1]).

While there is some authority to the contrary it is now the prevailing view that a contract of indemnity against one's own acts of negligence is not necessarily invalid. 41 Am Jur 2d, Indemnity, § 9; *Buffa* v. *General Motors Corporation* (ED Mich, 1955), 131 F Supp 478; Anno: 175 ALR 8.[2] The Restatement declares that if the performance of the tortious act for which indemnification is claimed under the contract is only an undesired possibility in the performance of the contract, and the contract does not tend to induce the act, the indemnification provision is valid. Restatement, Contracts, § 572. As a corollary it is generally held that an agreement exempting one from liability for the consequences of his own acts of negligence "not falling greatly below the standard established by law for the protection of others against unreasonable risk of harm" is valid. Restatement, Contracts, § 574; 38 Am Jur, Negligence, § 8; Anno: 175 ALR 8.

Claims that particular contract language affords such indemnification or exemption are carefully scrutinized and the contract language strictly construed. See *Meadows* v. *Depco Equipment Company* (1966), 4 Mich App 370. Such stipulations will not be enforced where the relationship between the contracting parties is essentially that of employer and employee or where the party claiming exemption is charged with a public duty (*e.g.,* common carrier). Restatement, Contracts, § 575; 38 Am Jur, Negligence, § 8; 41 Am Jur 2d, Indemnity, § 9; Prosser, Law of Torts, § 67, p 457. *Cf. Allen* v. *Michigan Bell Telephone Company* (1969), 18 Mich App 632.

---

[2] Validity of contractual provision by one other than carrier or employer for exemption from liability, or indemnification for consequences of own negligence.

Accordingly, since contracts agreeing to indemnify one against his own acts of negligence are not necessarily invalid, the common law was changed by the 1966 statute which declared invalid indemnity agreements entered into in connection with the construction or repair of buildings.

Ford Motor argues from this that the 1966 statute which did not become effective until March 10, 1967, some 33 months after the occurrence of the accident in respect to which indemnification is here sought, does not govern this case. We agree.

We need not decide whether this legislation affects contracts of indemnification entered into before its effective date or whether an interpretation that it does would violate the contract clause of the Federal (art 1, § 10) and State Constitutions (Const 1963, art 1, § 10). See *City of El Paso* v. *Simmons* (1965), 379 US 497 (85 S Ct 577, 13 L Ed 2d 446), *rehearing denied* 380 US 926 (85 S Ct 879, 13 L Ed 2d 813). It is enough to say, and we so hold, that it was not intended to govern cases where the indemnitee's act of negligence occurred before the effective date of this statute.

The court below erroneously relied on the statute, effective March 10, 1967 to hold unenforceable the terms of a contract agreed upon in 1964. The controlling question, which the court did not decide, is whether or not the contract between Ford Motor Company and Conveyor Engineering Company provided indemnity to Ford for its own acts of negligence.

Reversed and remanded for determination of that issue.

T. G. KAVANAGH, P. J., and LEVIN and NEWBLATT, JJ., concurred.