BRDA v CHRYSLER CORPORATION

1. STATUTES—CONSTRUCTION—LEGISLATIVE INTENT.

The cardinal rule of statutory construction is to ascertain and give effect to the intention of the Legislature; if the language of a statutory provision is unambiguous, the intent must be determined accordingly.

2. STATUTES—CONSTRUCTION—APPLICABILITY—CONTRACTS—INDEMNIFICATION CLAUSE.

The language of the statute invalidating agreements relative to the construction, alteration, repair or maintenance of a structure which purport to indemnify the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee or indemnitee as against public policy is clear and applies to indemnification agreements entered into prior to the effective date of the statute when the indemnitee's act of negligence occurred after the effective date of the statute (MCLA 691.991).

3. CONSTITUTIONAL LAW—CONTRACT CLAUSE—POLICE POWER.

Rights under existing contracts are not absolute; where there is a valid exercise of the state's police power which only incidentally affects an existing contract then the state enactment is not prohibited by the contract clauses of the Federal and State Constitutions (US Const, art I, § 10; Const 1963, art 1, § 10).

4. CONSTITUTIONAL LAW—CONTRACT CLAUSE.

The clauses of the Federal and State Constitutions, which prohibit the passing or enactment of laws impairing obligations of contract, were not violated by a statute which declares that certain agreements providing for indemnification in construction contracts are against public policy and void where the contract provision affected was only an incidental aspect of a main construction contract and the impact of the statute leaves the bulk of the construction contract unimpaired and where

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 50 Am Jur, Statutes § 223.
[3, 4] 16 Am Jur 2d, Constitutional Law § 434 *et seq.*

the state interest in adopting the statute was presumably significant (US Const, art I, § 10; Const 1963, art 1, § 10; MCLA 691.991).

Appeal from Wayne, Neal E. Fitzgerald, J. Submitted Division 1 June 4, 1972, at Detroit. (Docket No. 14392.) Decided October 31, 1973.

Complaint by Vincent Brda and Bridget Brda against Chrysler Corporation for negligence. Third-party complaint by Chrysler Corporation against Arthur B. Myr Sheet Metal Industries, Inc., seeking indemnification pursuant to an indemnity provision of a contract between the parties. Summary judgment dismissing Chrysler Corporation's third-party complaint with prejudice and denying Chrysler Corporation's motion for summary judgment. Chrysler Corporation appeals by leave granted. Affirmed.

*Dice, Sweeney & Sullivan* (by *Paul F. Ray*), for third-party plaintiff Chrysler Corporation.

*Alexander, Buchanan & Seavitt* (by *John N. Highland*), for third-party defendant Arthur B. Myr Sheet Metal Industries, Inc.

Before: BRONSON, P. J., and V. J. BRENNAN and WALSH,* JJ.

BRONSON, P. J. This appeal involves a dispute between the defendants, Chrysler Corporation and Arthur B. Myr Sheet Metal Industries, Inc., concerning the effect of a clause in a contract between them. The plaintiffs are not directly involved. Their claim against the defendants awaits the determination of this appeal.

Arthur B. Myr Sheet Metal Industries, Inc.

* Circuit judge, sitting on the Court of Appeals by assignment.

(hereinafter "A. B. Myr") was performing a construction contract for Chrysler. This contract included an indemnification clause running in favor of Chrysler. Two related issues arise as a result of this indemnification clause:

1. Whether MCLA 691.991; MSA 26.1146[1] affects indemnification clauses entered into prior to the effective date of the act when the indemnitee's act of negligence occurred *after* the effective date of the act, *and;*

2. Whether an interpretation that it does would violate the contract clause of the Federal (Art I, § 10) and State Constitutions (Const 1963, art 1, § 10).

The trial court granted A. B. Myr's motion for summary judgment, finding that MCLA 691.991; MSA 26.1146(1) made such indemnification clauses in construction contracts void and unenforceable as against public policy. We granted leave to consider the question which was specifically unanswered in *Blazic v Ford Motor Co,* 15 Mich App 377, 381; 166 NW2d 636, 638 (1968).

The contract between A. B. Myr and Chrysler was signed early in 1966. The indemnity invalidating act was effective on March 10, 1967. After this effective date, on March 17, 1967, the plaintiff was injured.

Our analysis begins with the statute, which reads:

"*A covenant,* promise, agreement or understanding in, or in connection with or collateral to, a contract or agreement relative to the construction, alteration, repair or maintenance of a building, structure, appurtenance and appliance, including moving, demolition and excavating connected therewith, purporting to indemnify the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee or indemnitee, his agents or employees, *is*

against public policy and *is* void and *unenforceable."* (Emphasis supplied.) MCLA 691.991; MSA 26.1146(1).

In *City of Lansing v Lansing Twp,* 356 Mich 641, 648; 97 NW2d 804, 808 (1959), the Michigan Supreme Court explained that:

"[T]he cardinal rule of statutory construction is to ascertain and give effect to the intention of the Legislature. If the language of a statutory provision is unambiguous, the intent must be determined accordingly."

The Court further quoted from American Jurisprudence[1] to the effect that a plain and unambiguous statute is to be applied and not interpreted. This we do. The language of the statute is clear. It applies to all existing contracts. The statute did not apply in *Blazic, supra,* because the indemnitee's act of negligence occurred *before* the effective date. Thus in *Blazic* the indemnification agreement was no longer inchoate on the effective date of the new act.

Our analysis of the first question requires that we consider whether this application improperly impairs the obligation of existing contracts. Relying on authority of the United States Supreme Court this Court in *Michigan Transportation Co v Secretary of State,* 41 Mich App 654; 201 NW2d 83 (1972), has recently concluded that rights under existing contracts are not absolute. Where there is a valid exercise of the state's police power which only incidentally affects the existing contract then the state enactment is not prohibited.

Chrysler does not challenge the validity of the new statute. Neither has Chrysler shown that the statute does not rest on a reasonable basis, but is essentially arbitrary. *City of Lansing, supra,* at

---

[1] *See:* 50 Am Jur, Statutes, § 225, p 207.

650–651; 97 NW2d 809–810. Clearly the indemnity *clause* presently under consideration was only an incidental aspect of the main construction contract between Chrysler and A. B. Myr. Consequently, since the impact of the statute was only incidental, leaving the bulk of the construction contract unimpaired, and presumably the state interest in adopting the statute was significant, we can only conclude that the contract clause has not been violated.

Affirmed. No costs, a public question being involved.

All concurred.