MONTGOMERY *v.* CENTRAL NATIONAL BANK & TRUST CO.
OF BATTLE CREEK.

1. CONTRACTS—CONSTRUCTION—INTENT OF PARTIES.

Intention of parties in making contract should be ascertained by construing it in the light of circumstances existing at the time it was made and manifest intent must prevail over the literal sense of terms.

2. COVENANTS—PARTIES—RESTRICTIONS—PLEADING—CORPORATIONS.

Bill of complaint in action for specific performance of covenant in warranty deed that purchaser would not use land conveyed therein for hotel and restaurant purposes for period of 15 years if vendor, her heirs or legal representatives were operating building across street for hotel purposes as was then being done by corporation in which she owned all except directors' qualifying shares of stock *held,* to state a cause of action by vendor, where there were allegations that purchaser knew such facts and later leased property to lessee who served meals thereon.

3. SAME—THIRD PARTY BENEFICIARY—GENERAL RULE—EXCEPTION.

General rule that provision in land contract or deed restricting use which grantee might make of property may not be made in favor of one not a party to the instrument is not applied where title to land conveyed was held by party owning all except directors' qualifying shares of stock of corporate beneficiary of restrictive covenant.

4. CORPORATIONS—STOCK AND STOCKHOLDERS—IDENTITY OF INTEREST.

A corporation and its stockholders are different entities in the eye of the law but latter are beneficial joint owners of the corporate property and in furtherance of the ends of justice the corporation and parties owning all its stock will be treated as identical.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 17, 1934. (Docket No. 125, Calendar No. 37,348.) Decided June 4, 1934.

Bill by Leila Y. Post Montgomery against Central National Bank & Trust Company of Battle Creek and Owl Drug Company, a corporation, for specific performance of restrictive covenant in a deed and for other relief. Bill dismissed. Plaintiff appeals. Reversed and remanded.

*Bernard J. Onen* (*Stuart H. Redner,* of counsel), for plaintiff.

*Maxwell B. Allen* (*Harry C. Howard* and *N. A. Cobb,* of counsel), for defendants.

NELSON SHARPE, C. J. In the bill of complaint filed herein the plaintiff alleges: That prior to the 7th day of August, 1929, she was the owner of a tract of land, described by metes and bounds, in the city of Battle Creek directly across the street from the land on which the Post Tavern is located, the title to which is in the name of the Post Tavern Company, a Michigan corporation, with 45,740 shares of stock issued and outstanding, of which she is the owner of all except three shares issued to qualify certain persons to act as directors; that the Post Tavern was at that time being operated by the Post Tavern Company; that the representatives of the bank of which the defendant is the successor negotiated with her agent for the purchase of the property first-above mentioned, and were informed that she was unwilling to sell the same if it were to be used for hotel or restaurant purposes, as such use would be detrimental to the operation of the Post Tavern, which had a dining room and a cafeteria, and all the capital stock of which was owned by her except the three qualifying shares; that the negotiations resulted in the execution by her of a written contract, prepared by counsel for the bank,

in which she agreed to sell the property to the bank for a consideration therein named; that said contract contained the following provision: ''And on condition that the said premises hereinabove described shall not be used for hotel or restaurant purposes during a period of 15 years after date hereof provided said first party, her heirs or legal representatives are operating the building across Michigan avenue from the above-described lands during such period for hotel purposes;'' that on January 8, 1931, she executed a warranty deed, which contained a similar provision; that the bank then knew that the title to the Post Tavern was in the name of the Post Tavern Company; that, when plaintiff learned that the defendant proposed to lease the ground floor of the building erected on the land conveyed to it, to the defendant Owl Drug Company, she objected thereto if that company intended to serve meals therein, but that, as she is informed and believes, such lease was made and meals are now being served therein.

She further alleges that the serving of such meals is a violation of the condition in the contract and deed, and prays that the defendants be restrained from doing so.

The defendants appeared and filed a motion to dismiss for the reason that the bill of complaint failed to state a cause of action, which motion was granted and the bill dismissed. Plaintiff has appealed.

There are certain cardinal rules of construction with which courts are in agreement.

''Every deed or contract in writing is supposed to express the intention of the parties executing it, and when the object or purpose of such deed or contract is called in question in a court of justice

the first inquiry is, what is the intention of the parties, as expressed in the written instrument?" *Bassett* v. *Budlong*, 77 Mich. 338, 346 (18 Am. St. Rep. 404).

To ascertain such intent, it "should be construed in the light of the circumstances existing at the time it was made." *Kellogg* v. *Kellogg Toasted Corn Flake Co.*, 212 Mich. 95, 114. In doing so, we "must look to the purpose sought to be accomplished," *Hess* v. *Haas*, 230 Mich. 646, 651, and "uphold, and enforce the rights and duties that spring from the real intention of the parties." 21 C. J. p. 204. Its "manifest intent must prevail over the literal sense of terms." *Township of Stambaugh* v. *Iron County Treasurer*, 153 Mich. 104, 107.

"And in order that the court may see just how the transaction came about and received the shape it actually bears, a reference is proper to the surrounding facts. * * * There is no requirement to adhere to the literal terms in derogation of the interior sense of the transaction." *Stuart* v. *Worden*, 42 Mich. 154, 160.

Let us apply these rules to the facts presented as disclosed in the bill of complaint. The bank desired to purchase certain land owned by the plaintiff. It was located directly across the street from the Post Tavern, which was owned and at that time operated by the Post Tavern Company, a corporation, all the stock of which was then owned by the plaintiff except three qualifying shares. She was unwilling to sell this land to the bank unless assured that it would not be used for the service of meals to the detriment of the dining room and cafeteria in the Tavern. There can be no question but that the provision in the contract, and afterwards in the deed, was inserted to accomplish this result. It

must be assumed that the attorney for the bank who prepared the contract intended to do so by the language used. He inserted the provision therein that the sale was on condition that the premises should not be used for hotel or restaurant purposes for 15 years if the plaintiff, "her heirs or legal representatives *are* operating" the Tavern during that time. The use of the word "are" is not only suggestive, but indicates that it was then understood, that the plaintiff was at that time operating the Tavern and that the purpose was to protect her interest therein and that of her heirs or legal representatives. But even if this construction be deemed technical, the circumstances surrounding the transaction clearly show that such was the intent of the parties. To hold otherwise is to attach no meaning whatever to the condition, as the title to the Tavern was not then in the plaintiff personally and this fact was at that time known to the bank.

"But the courts will not defeat a condition by a construction which is strained and unreasonable, and which manifestly was not in the mind of the parties." *Smith* v. *Barrie,* 56 Mich. 314, 318 (56 Am. Rep. 391).

See, also, 15 L. R. A. 145; 35 L. R. A. 392; 55 L. R. A. 861.

Defendants' counsel insist that if it be found that the restriction was for the benefit of the Post Tavern Company, it may not be enforced as that company was a stranger to the instrument. The provision in the contract and deed is in the nature of a restriction on the use which the grantee might make of the land, and the general rule is that it may not be made in favor of one not a party to the instrument. 19 C. J. p. 912; 8 R. C. L. p. 1093; 9 R. C. L. p. 752. But such rule should not be here applied.

If it were to be so enforced under the circumstances here presented, it would have been necessary, in order to accomplish the desired result, for the plaintiff to have transferred the land to the Post Tavern Company and to have had it execute the contract and deed to the bank, or to have had the title to the hotel property conveyed to her as an individual.

The Post Tavern Company was not "a stranger" to the negotiations which culminated in the making of the contract and deed in the sense in which that term is used in the authorities. While a corporation and its stockholders are different entities in the eye of the law, "it is plain that the shareholders are the corporation, and that they are the owners of its property." *Stroh* v. *City of Detroit,* 131 Mich. 109, 114.

"Although stockholders are not partners, nor strictly tenants in common, they are the beneficial joint owners of the corporate property, having an interest and power of legal control in exact proportion to their respective amounts of stock." Reid on Corporate Finance, § 214, quoted with approval in *Turner* v. *Calumet & Hecla Mining Co.,* 187 Mich. 238, 243.

"Circumstances of a case may sometimes require a court of equity to ignore the separate entity of a corporation, and to look to the sole owner of its capital stock as the real party in interest." *State Trust & Savings Bank* v. *Hermosa Land & Cattle Co.* (syllabus), 30 N. M. 566 (240 Pac. 469).

"The doctrine, however, that a corporation is a legal entity existing separate and apart from the persons composing it is a mere fiction, introduced for purposes of convenience and to subserve the ends of justice. This fiction cannot be urged to an extent and purpose not within its reason and policy, and it has been held that in an appropriate case, and

in furtherance of the ends of justice, a corporation and the individual or individuals owning all its stock and assets will be treated as identical." 7 R. C. L. p. 27.

The plaintiff sought by the condition imposed to protect her interest in the property, the title to which stood in the name of the company, but of which she was the beneficial owner, and the provision therefor was enforceable under the facts set up in the bill of complaint.

The order dismissing it is reversed and set aside, with costs to the plaintiff, and the cause remanded for further proceedings.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.