GUARANTY TRUST COMPANY OF NEW YORK, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27969.)

Court of Claims, January 29, 1948.

*William H. Timbers* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Donald C. Glenn* of counsel), for defendant.

RYAN, J. Claimant sued the State of New York on an implied contract for money had and received to recover the sum of $65,155.75 paid by it to the Unemployment Insurance Fund on October 11, 1939, and on January 13, 1940. Exactions from State banks for the period of time covered by claimant's payments had been held by the courts to be unconstitutional and void. (*Matter of Bank of Manhattan Co. [Murphy]*, 293 N. Y. 515.) Claimant had paid an illegal tax. On that theory claimant's cause of action to get it back arose immediately that it made the payment. Claimant's notice of intention to sue was filed February 7, 1945, its pleading was filed October 9, 1945. The Attorney-General moved to dismiss the claim for failure to comply with the requirements of subdivision 4 of section 10

of the Court of Claims Act. This court granted the motion. (*Guaranty Trust Co.* v. *State of New York,* 186 Misc. 676.)

Claimant appealed from the judgment of dismissal to the Appellate Division, Supreme Court, Third Department. In that tribunal claimant asserted a new theory upon which it claimed the right to recover, one that had not been suggested in the court of original jurisdiction. It asserted that its payments were enforced contributions, as distinguished from tax levies, and were used to augment the United States Government's Unemployment Trust Fund; that a statutory trust resulted that when the express trust became invalid the statutory trustee, as trustee of a resultant trust, held the funds for the benefit of the settlor; that the Statute of Limitations did not run against the settlor until after demand was made; that its claim was thus timely filed. The Appellate Division has directed that: " The order appealed from should be reversed on the law and facts, and the matter remitted to the Court of Claims for a hearing on the merits." (*Guaranty Trust Co.* v. *State of New York,* 271 App. Div. 711, 714, motion for leave to appeal denied 272 App. Div. 842.)

The matter has now been resubmitted to this court upon a stipulation of facts. The Attorney-General renews his argument that the claim was not filed in time and asks for a dismissal.

We regard the law of this case as settled by the concluding sentence of the opinion for reversal, viz. (p. 714): " The facts and the statute sustain the theory that here we have a trust created by statute and that the public officials became trustees of the resultant trust when the enforced contributions here involved were determined to be illegal." Accordingly we follow this mandate and award claimant the sum of $65,155.75.

Claimant is entitled to interest on this award. From what date shall interest be computed? The " enforced contributions here involved " were determined to be illegal November 30, 1944. (*Matter of Bank of Manhattan Co.* [*Murphy*], 293 N. Y. 515, *supra.*) However, there appears to have been a reasonable doubt as to the duty of the State of New York, as trustee, to make payment. This question has been litigated. It could be argued that the State is not liable, during the period of this litigation and until entry of judgment, for any interest it has not actually received or should have received. (Restatement, Trusts, § 207, comment c.) Certainly claimant can not recover interest from the dates it made its payments, viz., October 11, 1939, and January 13, 1940, because it has abandoned the

theory that it paid taxes which were void from the beginning and that its cause of action accrued immediately upon payment. Claimant succeeds here only on the theory that under the statute here involved application for a refund is required and upon a holding that its application for such refund was finally denied on September 10, 1945, when the appeal board affirmed the commissioner's ruling. Moreover, subdivision 6 of section 570 of the Labor Law (formerly § 523, subd. 3) provides that refunds shall be made without interest. Hence, had the commissioner refunded, claimant would have received no interest. We conclude that claimant is entitled to interest only from September 10, 1945, at the rate prescribed by section 16 of the State Finance Law.

Decision in accordance with the foregoing.