### CITY OF BAY CITY *v.* CARNES.

1. Negligence—Directed Verdict—Contributory Negligence—Evidence.

   The standard by which a directed verdict for cross-defendant on the ground of contributory negligence of cross-plaintiff is judged on appeal is whether, upon favorable-to-cross-plaintiff view of the evidence, all reasonable men would agree that cross-plaintiff was guilty of contributory negligence.

2. Automobiles—Directed Verdict—Contributory Negligence—Evidence.

   Direction of verdict by trial court for cross-defendant on the ground of contributory negligence of cross-plaintiff in negligence action resulting from a collision of a municipal fire truck and a semitrailer driven by cross-plaintiff *held,* reversible error, where jury question was presented as to cross-plaintiff's contributory negligence in that he had the green light, his view of the approaching fire truck was obstructed, and it was difficult to tell from which direction the siren sound came.

Appeal from Bay; Dardas (Leon R.), J.   Submitted Division 2 April 7, 1966, at Lansing.   (Docket No. 789.)   Decided June 28, 1966.

---

References for Points in Headnotes

[1] 38 Am Jur, Negligence §§ 335, 336.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 361; 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1005, 1013.

Complaint by City of Bay City against William J. Carnes and another for damages to fire truck resulting from a collision between a semi-trailer driven by Carnes and the fire truck. Cross-complaint by Carnes for personal injuries suffered by him in the collision. The original complaint was settled and dismissed on stipulation. Directed verdict for the city at the conclusion of defendant's proof. Defendant appeals. Reversed and remanded for new trial.

*Stanton, Taylor, McGraw & Collison (John Davidson,* of counsel), for plaintiff.

*Leitson, Dean, Dean, Abram & Segar (Max Dean,* of counsel), for defendant.

T. G. Kavanagh, J. This suit arose out of a collision between a Bay City fire truck and a tractor and trailer operated by William J. Carnes on July 18, 1962. The collision occurred at the intersection of Broadway and Fremont streets in Bay City and this intersection is controlled by a traffic light with the usual green, amber and red signals. Carnes was traveling south on Broadway and the fire truck was traveling west on Fremont. The traffic light was favorable to Carnes. The suit was originally started by the city for damages to the fire truck, and the cross-complaint asked for damages for personal injuries to Carnes. The claim for damages to the fire truck was settled and dismissed before trial without prejudice to Carnes' cross-complaint, which was thereafter litigated before a jury. At the conclusion of cross-plaintiff's proofs, the trial court directed a verdict for the city on the basis of cross-complainant's contributory negligence as a matter of law. Cross-plaintiff's appeal tests the propriety of this ruling.

Unless it can be said that, "upon favorable-to-plaintiff view of the evidence, all reasonable men would agree that plaintiff was guilty of contributory negligence," the question should have been left to the jury. *Ingram* v. *Henry* (1964), 373 Mich 453, 455.

Applying the foregoing rule to the record, we are unable to say that all reasonable minds would agree that cross-complainant was contributorily negligent. The traffic light controlling the intersection was favorable to him. His view toward the direction of the approaching fire truck was obstructed until he reached a point so near the intersection that he had very little time and distance to avoid a collision with a vehicle crossing in front of him against the traffic light. The fire truck siren was operating but it was difficult to tell the direction from which the siren sound came. A jury question was presented as to cross-complainant's contributory negligence.

Reversed and remanded for new trial. Costs to appellant.

LESINSKI, P. J., and QUINN, J., concurred.