## PEOPLE *v.* EGLAR

1. TRIAL — CRIMINAL LAW — NONJURY TRIAL — EVIDENCE — SCENE OF CRIME — VIEW.

     A trial judge in a nonjury criminal case commits error in viewing the scene of a crime without giving the defendant and both parties' attorneys an opportunity to be present with him at the viewing.

2. TRIAL—NONJURY TRIAL—EVIDENCE.

     A judge sitting without a jury cannot properly consider any evidence unless it is presented as part of the trial.

3. CRIMINAL LAW—INDECENT EXPOSURE—EVIDENCE—SCENE OF CRIME —JUDGE'S VISIT—PARTIES' RIGHTS.

     The defendant and both parties' attorneys had a right to be present when the trial judge viewed the scene where the complaining witnesses said that defendant had indecently exposed himself to them so that they could know whether the judge had viewed the scene from the same point as the complainants, what the judge had seen there, and whether they should offer additional proofs at the trial (MCLA § 750-.335a).

4. TRIAL—CRIMINAL LAW—NONJURY TRIAL—SCENE OF CRIME—VIEW —OBJECTION.

     A defense attorney need not object when the trial judge discloses that he has visited the scene of the crime charged; an attorney should not be put in the position of challenging such conduct and thereby possibly incurring the judge's displeasure.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  53 Am Jur, Trial § 1128.
[2]  53 Am Jur, Trial § 95.
[3]  Presence of accused during view by jury.  30 ALR 1357, 90 ALR 597.
[4, 5]  5 Am Jur 2d, Appeal and Error § 621.

5. TRIAL—CRIMINAL LAW—NONJURY TRIAL—SCENE OF CRIME—VIEW —OBJECTION.

A judge in a nonjury criminal trial who considers evidence not in the record, even though he discloses that he has done so to the parties, puts the defendant's attorney in the embarrassing dilemma of compelling the judge to respect his client's right to have no evidence considered that is not part of the record and in doing so, that attorney simultaneously runs the risk of antagonizing and arousing the suspicion of the judge, as trier of fact, regarding the defendant's guilt.

Appeal from Kent, John T. Letts, J. Submitted Division 3 October 8, 1969, at Grand Rapids. (Docket No. 6,169.) Decided October 28, 1969.

Steve Carl Eglar was convicted of indecent exposure of his person. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Robert J. Stephan* and *Jack L. Winter,* Assistant Prosecuting Attorneys, for the people.

*Jaroz, Doherty & Vanden Bosch,* for defendant on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

PER CURIAM. The defendant appeals his conviction of indecent exposure of his person. MCLA § 750.335a (Stat Ann 1954 Rev § 28.567[1]).

Two girls, aged 11 and 12, testified that they were walking on a public sidewalk and that they saw the defendant across the street in a garage take down his pants and expose himself to them. The girls claim the defendant repeated this act the fol-

lowing day when the girls again were walking on the sidewalk.

The case was tried by a judge without a jury. It appears that the judge had difficulty determining whether the girls were in a position to actually see into the garage. During the noon recess the judge drove by the location where the crime was allegedly committed and viewed the location and surrounding area. The judge disclosed on the record the fact that he had viewed the premises, but did not state what impressions, if any, he had derived. No objection was voiced by the defendant's trial counsel to the judge's action.

We agree with the defendant's appellate counsel that it was error for the judge to view the premises without having given the defendant and counsel for both parties an opportunity to be present with him.

The judge was the trier of fact. No evidence could properly be considered by him that was not presented as part of the trial. Conceivably the judge viewed the wrong garage, or viewed the right garage from a point other than the place the girls claim they were walking when they saw the defendant. The defendant and counsel for both parties had a right to be present so that they could know whether the judge viewed the garage from the same point the girls viewed it, and so that they could know what the judge saw, and could consider that in deciding whether to offer additional proofs at the trial.

Although the defendant's trial counsel voiced no objection when the judge disclosed what he had done, we do not think that a lawyer should be put in the position of challenging such conduct and thereby possibly incurring the judge's displeasure. We do not mean to suggest that would have been the reac-

tion of the trial judge in this case had the defendant's counsel objected and asked that the judge return to the scene with the defendant and counsel for both parties, but the defendant's counsel may have feared such a reaction.

We repeat what we said in *People* v. *Harvey* (1968), 13 Mich App 211: when a judge considers evidence not in the record, even though he discloses that he has done so to the parties, he puts the defendant's counsel in the embarrassing dilemma of compelling respect by the judge for his client's right to have no evidence considered that is not part of the record, but simultaneously running the risk of antagonizing and arousing the suspicion of the judge, as trier of fact, as to the defendant's guilt.

Reversed and remanded for a new trial.