## KLANN v HESS CARTAGE COMPANY

1. INDEMNITY—CONSTRUCTION OF CLAUSES.

Indemnity clauses are construed most strictly against the party who drafts them and the party who is the indemnitee.

2. INDEMNITY—NEGLIGENCE—INTENTION OF PARTIES—LANGUAGE.

An indemnity contract will not be construed to indemnify the indemnitee against losses from his own negligent acts, if such intention is not expressed in unequivocal terms; this intention need not be expressed in any particular language or form.

3. INDEMNITY—DAMAGES—NEGLIGENCE—LIABILITY.

An indemnity clause in a lease which does not specifically refer to damages caused by the lessee's "negligence" but states that "the lessee shall not be liable for the loss of, or damage to, the aforesaid equipment, *however caused* * * * ", absolves the lessee of liability for damages to a leased tractor, even if caused by the lessee's own negligence.

4. INDEMNITY—LIABILITY FOR NEGLIGENCE—GROSS NEGLIGENCE—BAILMENT.

A party may contract against liability for harm caused by his negligence in performance of a contractual duty where performance of the tortious act for which indemnification is claimed under the contract is only an undesired possibility in the performance of the contract, and the contract does not tend to induce the act, but a party may not so contract with respect to his gross negligence, and this rule has been specifically applied to mutual benefit bailments.

5. INDEMNITY—COMMON CARRIERS—LIABILITY FOR NEGLIGENCE—PRIVATE BUSINESS.

A provision exempting the carrier from liability for its negligence in a contract to render services as a common carrier for compensation is illegal; but this special rule for common carriers is inapplicable where equipment is simply procured for use

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indemnity § 13 *et seq.*
[2–6] 41 Am Jur 2d, Indemnity §§ 15–18.

in private business, in a common carrier capacity, and involves no contract with a member of the public for the shipment of goods.

6. INDEMNITY—EQUIPMENT LEASES—PUBLIC POLICY—NEGLIGENCE—GROSS NEGLIGENCE—THIRD PERSONS—INTENTIONAL MISCONDUCT.

An indemnity clause in an agreement for lease of a trailer which provides that the lessee shall not be liable for loss of or damage to the equipment however caused while in use under the lease does not violate public policy where the provision does not absolve the lessee for negligently caused injuries to third persons and does not exempt the lessee from liability for gross negligence or intentional acts of misconduct.

Appeal from Wayne, James M. Fitzpatrick, J. Submitted Division 1 October 3, 1973, at Detroit. (Docket No. 14767.) Decided December 6, 1973.

Complaint by Bill Klann against Hess Cartage Company and Ray Santee for negligence. Judgment on a directed verdict for defendants. Plaintiff appeals. Affirmed.

*Lopatin, Miller, Bindes & Freedman* (by *Michael H. Feiler)*, for plaintiff.

*Plunkett, Cooney, Rutt & Peacock* (by *D. J. Watters)*, for defendant Hess Cartage Company.

*Joseph Freed,* for defendant Ray Santee.

Before: DANHOF, P. J., and FITZGERALD and WALSH,* JJ.

WALSH, J. Plaintiff appeals from a judgment on a directed verdict of no cause of action. The verdict was directed at the opening of trial, after the trial judge had granted defendants' motion for summary judgment.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff leased a semi-tractor to Hess Cartage Company, a commercial trucking firm. The tractor, while driven by defendant Santee, was totally destroyed. Plaintiff claims the loss was caused by defendants' negligence. Defendants' contention that plaintiff has no cause of action is based on the following lease provision:

"The lessee shall not be liable for the loss of, or damage to, the aforesaid equipment, however caused, while in use under the terms of this lease."

First, can the language of this clause be fairly construed to absolve defendants of liability for damage caused by their own negligence? The provision in question is essentially an indemnity agreement; the lessor is protecting the lessee from liability for damage to lessor's equipment. The provision here was drafted by the indemnitee, Hess Cartage. Indemnity clauses are construed most strictly against the party who drafts them and the party who is indemnitee. *Baker Contractor Inc v Chris Nelson & Son Inc,* 1 Mich App 450; 136 NW2d 771 (1965); *Meadows v Depco Equipment Co,* 4 Mich App 370; 144 NW2d 844 (1966); *Geurink v Herlihy Mid-Continent Co,* 5 Mich App 154; 146 NW2d 111 (1966). An indemnity contract will not be construed to indemnify the indemnitee against losses from his own negligent acts, if such intention is not expressed in unequivocal terms. However, this intention need not be expressed in any particular language or form. *Meadows, supra; Geurink, supra.*

The clause in question does not specifically refer to damages caused by defendants' "negligence". However, it does say "the lessee shall not be liable for the loss of, or damage to, the aforesaid equipment, *however caused* * * * ". (Emphasis sup-

plied.) We think these words are unequivocal. The provision absolves defendants of liability for damage to the tractor, even if caused by their own negligence.

The question then becomes: Is this clause void as against public policy? Plaintiff says such contract provisions encourage unsafe acts by common carriers and should be declared illegal. Defendants say this clause simply puts the risk of loss on the plaintiff and that such clauses are common in mutual benefit bailments of vehicles.

Generally a party may contract against liability for harm caused by his negligence in performance of a contractual duty, but he may not do so with respect to his gross negligence. *Shelby Mutual Insurance Co v Grand Rapids,* 6 Mich App 95; 148 NW2d 260 (1967); *Thomas v Atlantic C L R Co,* 201 F2d 167 (CA 5, 1953); Restatement, Contracts, § 574; 6A Corbin on Contracts, § 1472, pp 596–597. And this rule has been specifically applied to mutual benefit bailments. *Anchor Casualty Co v Robertson Transport Co,* 389 SW2d 135 (Tex Civ App, 1965); *Eckel v Trencher Furs,* 191 Misc 259; 76 NYS2d 829 (1947); 175 ALR 117.

A contract of indemnity against one's own negligence is not necessarily invalid. *Buffa v General Motors Corp,* 131 F Supp 478 (ED Mich, 1955); *Blazic v Ford Motor Co,* 15 Mich App 377; 166 NW2d 636 (1968). If the performance of the tortious act for which indemnification is claimed under the contract is only an undesired possibility in the performance of the contract, and the contract does not tend to induce the act, the indemnification provision is valid. Restatement, Contracts, § 572.

An exception to the above rules is made for contracts of common carriers and other public

servants. In a bargain to render service as a common carrier for compensation, a provision exempting the carrier from liability for its negligence is illegal. 6A Corbin on Contracts, § 1472, p 592; Restatement of Contracts, § 575. In *Santa Fe, P & R R Co v Grant Brothers Construction Co,* 228 US 177, 184–185; 33 S Ct 474, 476–477; 57 L Ed 787, 791–792 (1912), the Supreme Court said:

"It is the established doctrine of this Court that common carriers cannot secure immunity from liability for their negligence by any sort of stipulation. * * * The rule rests on broad grounds of public policy, justifying the restriction of liberty of contract because of the public ends to be achieved. The great object of the law governing common carriers was to secure the utmost care in the rendering of a service of the highest importance to the community. A carrier who stipulates not to be bound through the exercise of care and diligence 'seeks to put off the *essential duties* of his employment.' * * * For these reasons, the common carrier, in the prosecution of its business as such, is not permitted to drop its character and transmute itself by contract into a mere bailee, with right to stipulate against the consequences of its negligence."

However, this special rule for common carriers only applies where the carrier is contracting in the capacity of a common carrier. *Santa Fe, P & R R Co, supra,* 228 US 185; 33 S Ct 477; 57 L Ed 792; *Thomas v Atlantic C L R Co, supra,* 169.

"If the provision against liability for negligence * * * is for some performance that the common carrier or other public servant is not required to perform as a part of its public duty, it is valid and enforceable to the same extent as it would be if made by one not engaged in public service at all." 6A Corbin on Contracts, § 1472, p 594.

In the lease here, Hess Cartage is not contract-

ing in its capacity as a common carrier. This is not a contract between Hess Cartage and a member of the public for the shipment of goods. Here, Hess Cartage was simply procuring equipment for use in its business. Thus the special rule for common carriers is inapplicable here.

Plaintiff contends, however, that even though this is not a contract by a common carrier in his role as such, the same public policy which prohibits a common carrier from limiting his liability for negligence in his contracts with the public prohibits the limitation in this lease. Plaintiff says the clear tendency of this contract provision is to increase the risk of harm to the public by virtue of Hess Cartage's freedom from liability for damage to its equipment. He reasons that since this lease provision allows defendant to cause substantial damage on the highway without liability for any damage to the leased equipment, defendant is likely to be negligent in the operation of its vehicles. Plaintiff concludes that because this provision encourages negligence on our highways it must be declared illegal.

We think the plaintiff's argument is unpersuasive. This contract does not encourage negligent acts by defendants. The provision does not absolve defendants of their liability for negligently caused injuries to third persons. Moreover, it is essential for Hess Cartage, like any commercial trucking firm, to maintain a public reputation for safety on the highways. It is unlikely that the public would knowingly entrust their goods to a company with a propensity for negligence. Thus, there are very strong inducements on the defendants to exercise a high standard of care on the highways. These inducements are unaffected by the provision in question.

Plaintiff contends that the words "however caused" could be construed to exempt defendants from liability for gross negligence or intentional acts of misconduct. If this clause was so construed, it would, to that extent, violate public policy. But here, plaintiff alleges only negligence. An indemnity provision which would be invalid if applied to indemnify a person from liability for his wilful and wanton wrongdoing may, nevertheless, be validly applied to indemnify him from liability for his negligent acts. *Thomas v Atlantic C L R Co, supra,* 170.

We hold, therefore, that this lease provision, exempting defendants from liability for the negligently caused damage to plaintiff's tractor, does not violate public policy. The trial judge correctly granted defendants' motion for summary judgment.

Affirmed. Costs to appellees.

All concurred.