VANDEN BOSCH v CONSUMERS POWER COMPANY

1. NEGLIGENCE—JUDGMENT—SUMMARY DISPOSITION.

Summary disposition of negligence cases are to be employed only in the clearest cases.

2. APPEAL AND ERROR—JUDGMENT—JUDGMENT NOTWITHSTANDING THE VERDICT—FACTS—INFERENCES.

The Court of Appeals must view the facts and all legitimate inferences therefrom in the light most favorable to the plaintiff when reviewing a lower court's judgment granting a defendant's motion for judgment notwithstanding the verdict.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—ELECTRIC WIRES—EVIDENCE—TEST.

The test for contributory negligence in cases where a plaintiff comes in contact with an electric wire is whether he voluntarily and deliberately placed himself in a position known to him to be dangerous.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—AWARENESS OF A DANGER.

A plaintiff's action in forgetting or ignoring a danger is not contributory negligence as a matter of law even where the plaintiff is aware or was previously aware of a danger.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment §§ 6, 44.
[2] 5 Am Jur 2d, Appeal and Error § 819.
[3–5] 57 Am Jur 2d, Negligence § 323 et seq.
[4, 5] Momentary forgetfulness of danger as contributory negligence. 74 ALR2d 950.
[5] 57 Am Jur 2d, Negligence §§ 327, 333.
[6, 7] 58 Am Jur 2d, New Trial § 29 et seq.
[7, 8] 58 Am Jur 2d, New Trial § 145.
[9] 53 Am Jur, Trial § 506.
[10] 47 Am Jur 2d, Jury § 133.
    53 Am Jur, Trial §§ 441, 897.
[11, 12] 41 Am Jur 2d, Indemnity §§ 13, 15.
[12] Validity of contractual provision by one other than carrier or employer for exemption from liability, or indemnification, for consequences of own negligence. 175 ALR 8.

5. APPEAL AND ERROR—JUDGMENT—JUDGMENT NOTWITHSTANDING
   THE VERDICT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—
   AWARENESS OF A DANGER—JURY QUESTION.

   It was error for the trial court to grant defendants' motions for
   judgment notwithstanding the verdict in an action for damages
   for injuries received from contact with an electrical power line
   where there was evidence presented from which the jury could
   properly have found that the plaintiff not only did not see the
   electric wires, but that he was not aware of their presence, and
   where, even if the plaintiff did see the wires before the accident
   the plaintiff would still not be contributorily negligent as a
   matter of law; the question of plaintiff's contributory negligence
   was for the jury to decide.

6. NEW TRIAL—DISCRETION—GROUNDS FOR NEW TRIAL—EVIDENCE—
   COURT RULES.

   A new trial may only be granted if the reasons assigned by the
   trial judge for his action are legally recognized and are sup-
   ported by any reasonable interpretation of the record (GCR
   1963, 527.1).

7. NEW TRIAL—DISCRETION—GROUNDS FOR NEW TRIAL—FINDERS OF
   FACT.

   The rule that the granting of a new trial ordinarily rests within
   the discretion of the trial court does not give a trial judge
   unlimited power to grant a new trial merely because he does
   not agree with the verdict; the trial judge may not substitute
   his judgment for that of the finders of fact, and a grant of a
   new trial should be based upon demonstrable errors in the
   trial.

8. NEW TRIAL—GROUNDS FOR NEW TRIAL—NEGLIGENCE—CONTRIBU-
   TORY NEGLIGENCE—CREDIBILITY—JURY QUESTION.

   The trial court exceeded its discretion by invading the province of
   the jury when it granted defendants' motion for a new trial on
   the basis of its view of plaintiff's credibility; where defendants
   in an action for damages for injuries received from contact with
   an electrical power line claimed plaintiff saw or should have
   seen the electric wire and was warned of its presence, while
   plaintiff stated he was neither warned of the wire nor did he
   see it, a credibility question was presented and credibility is
   primarily a question for the jury rather than the court; evi-
   dence for a plaintiff may be sufficient to support the verdict

even though it is diametrically opposed to that produced by the defendants.

9. Trial—Final Argument—Prejudice—Instructions to Jury—Curative Instructions.

Any prejudice that may have been caused by plaintiffs' counsel during his final argument when he implied that if the jury did not find for the plaintiffs there would be no remedy for their injuries was effectively cured by an instruction to the jury that its decision should in no way be based on sympathy for plaintiffs, especially where defendants had the opportunity to move for a mistrial if they felt deeply prejudiced by the error committed during argument and declined to do so.

10. New Trial—Grounds for New Trial—Juror's Unauthorized View—Verdict—Statutory Verdict—Harmless Error.

Defendants are not entitled to a new trial on the ground of prejudice in the conduct of the trial because one of six jurors had gone to the scene of the accident where the verdict was unanimous, where defendants failed to make any showing that any prejudice resulted to them from the juror's view, and where, even were the one juror to be disqualified, the record reveals that there still would be five jurors voting in favor of plaintiffs, and five jurors agreeing upon a verdict is sufficient to sustain that verdict (MCLA 600.1352).

11. Indemnity—Construction of Clauses.

Indemnity clauses are construed most strictly against the party who drafts them and the party who is the indemnitee.

12. Indemnity—Negligence—Intention of Parties—Specific Language—Unequivocal Terms—Construction of Clauses.

Indemnification contracts will not be construed to indemnify the indemnitee against losses from his own negligent acts unless such an intent is expressed in unequivocal terms; an indemnity agreement which provided that one party would save a second party harmless for any loss by reason of the location of a building under the transmission or distribution line wires of the second party, did not provide for protection for the negligent maintenance of the wires over the building, nor did it provide for protection against the second party's failure to remedy a known dangerous situation in allowing the wires to hang too low in violation of a safety regulation.

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 April 5, 1974, at Grand

Rapids. (Docket No. 16177.) Decided November 25, 1974. Leave to appeal applied for.

Complaint by Martin Vanden Bosch and Dena Vanden Bosch against Consumers Power Company and Ferro-Cast Corporation for damages for personal injuries received from contact with an electrical power line. Cross-claim by Consumers Power Company against Ferro-Cast Corporation for indemnification. Judgment for defendants notwithstanding the verdict. Cross-claim dismissed. Plaintiffs appeal. Defendant Consumers Power Company cross-appeals. Reversed, and verdict for plaintiffs reinstated.

*Rhoades, McKee & Boer* (by *F. William McKee* and *William B. Murphy),* for plaintiffs.

*Warner, Norcross & Judd* (by *William K. Holmes),* for defendant Consumers Power Company.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendant Ferro-Cast Corporation.

Before: ALLEN, P. J., and R. B. BURNS and T. M. BURNS, JJ.

T. M. BURNS, J. On January 11, 1967, plaintiff Martin Vanden Bosch was working in the course of his employment for Bouwens Construction Company on the premises of defendant Ferro-Cast Corporation near Zeeland, Michigan. Plaintiff and another man were building an addition to Ferro-Cast's plant and at the time in question, they were putting up the steel framework of the building.

The joists (main braces) had already been put up, and plaintiff was installing approximately 18-

feet-long reinforcement rods through the joists to tie them together. Plaintiff was on a wooden ladder taking the rods from his co-worker and threading them through the joists.

Plaintiff was installing the rods by the top method, which consisted of running the rod up between the joists and over the roof before bringing it back down through the joists. Plaintiff and his co-worker had been installing these rods in this manner the morning of the accident.

Some time during the day, one of the rods plaintiff was handling while standing on the ladder came into contact with a 46,000 volt power line owned by defendant Consumers Power Company (hereinafter referred to as Consumers) which crossed over the new addition being constructed. Plaintiff was knocked off the ladder and fell to the ground below, sustaining serious burns and other injuries.

On January 8, 1970, plaintiffs filed this suit against both defendants alleging negligence which resulted in plaintiff Martin Vanden Bosch's coming into contact with the power line. Defendants denied negligence and asserted that Martin was contributorily negligent. On April 1, 1971, defendant Consumers filed a cross-complaint against defendant Ferro-Cast, asserting an indemnification contract between the two parties in which Ferro-Cast allegedly agreed to hold Consumers harmless from loss.

Trial was held before an Ottawa County jury from October 3 to October 6, 1972. The evidence presented at trial conflicted on two important points: (1) whether or not Vanden Bosch was ever warned of the dangerous wires, and (2) whether or not Vanden Bosch had seen the dangerous wires. After a full trial on the merits, the jury rendered

a unanimous verdict against both defendants in the amount of $80,000—$75,000 for plaintiff Martin Vanden Bosch and $5,000 for his wife.

Both defendants then moved for judgment notwithstanding the verdict on the ground that Vanden Bosch was contributorily negligent as a matter of law, or in the alternative for a new trial. In an opinion dated December 27, 1972, the lower court granted defendants' motions for judgment notwithstanding the verdict and also held that if the judgment notwithstanding the verdict was reversed on appeal, the defendants were entitled to a new trial because the jury verdict was contrary to the great weight of the evidence and for the further reason that sufficient prejudice tainted the verdict. The court also found that the indemnification agreement did not apply to protect Consumers in this case. Judgment was entered accordingly against plaintiffs and in favor of defendants on January 8, 1973.

Plaintiffs appeal as of right from the judgment notwithstanding the verdict entered in favor of defendants and further appeal the court's order granting defendants a new trial. Defendant Consumers cross-appeals as of right the trial court's holding that it (Consumers) was not protected by the indemnification contract.

*1. Did the trial court err in granting defendants' motions for judgment notwithstanding the verdict on the ground that plaintiff was contributorily negligent as a matter of law?*

Summary dispositions of negligence cases are to be employed only in the clearest cases. *Schulte v Detroit Edison Co,* 50 Mich App 326; 213 NW2d 311 (1973); *Davis v Thornton,* 384 Mich 138; 180 NW2d 11 (1970). In reviewing a lower court's judgment granting a defendant's motion for judg-

ment notwithstanding the verdict, this Court must view the facts and all legitimate inferences therefrom in the light most favorable to the plaintiff. *Schulte v Detroit Edison Co, supra; Gronlie v Positive Safety Manufacturing Co,* 50 Mich App 109; 212 NW2d 756 (1973); *Marietta v Cliffs Ridge, Inc,* 385 Mich 364; 189 NW2d 208 (1971); *Kroll v Katz,* 374 Mich 364; 132 NW2d 27 (1965).

In *Garmo v General Motors Corp,* 45 Mich App 703, 708–709; 207 NW2d 146 (1973), we said:

"We agree with defendant that appellate review of a judgment notwithstanding the verdict should encompass all the proofs adduced at trial and not just plaintiff's. *Marietta v Cliffs Ridge, Inc,* 385 Mich 364, 371; 189 NW2d 208 (1971); *Kasza v Detroit,* 370 Mich 7, 11; 120 NW2d 784 (1963). However, as stated in *Taft v J L Hudson Co,* 37 Mich App 692, 698; 195 NW2d 296 (1972):

" 'If, when so viewed, there is any evidence which was competent and sufficient to support the jury's determination, said determination should not be disturbed.' "

The test for contributory negligence in cases where a plaintiff comes in contact with an electric wire is whether or not he voluntarily and deliberately placed himself in a position known to him to be dangerous. See *Kratochvil v City of Grayling,* 367 Mich 682, 687; 117 NW2d 164 (1962); *Clumfoot v St. Clair Tunnel Co,* 221 Mich 113, 118–119; 190 NW 759 (1922).

In the instant case, the trial court granted defendants' motions for judgment notwithstanding the verdict primarily because of its belief that plaintiff had seen or should have seen the wires before the accident. Therefore, since he failed to take proper precautions, the trial court felt that plaintiff was contributorily negligent as a matter of law. However, recent decisions of this Court

have held that even where a plaintiff is aware or was previously aware of a danger, his action in forgetting or ignoring the danger is not contributory negligence as a matter of law. *Ray v Transamerica Insurance Co,* 46 Mich App 647, 655; 208 NW2d 610 (1973); *Mackey v Island of Bob-Lo Co,* 39 Mich App 64, 66; 197 NW2d 151 (1972); *Pigg v Bloom,* 22 Mich App 325; 177 NW2d 441 (1970).

In *Ray,* we stated at page 655:

"Aside from defendant's other assignments of error, it suggests that plaintiff was contributorily negligent as a matter of law in failing to tell anyone about the missing gear cover. We hold awareness of the danger is not by itself sufficient for a finding of contributory negligence as a matter of law. *Pigg v Bloom,* 22 Mich App 325; 177 NW2d 441 (1970). On reviewing this issue we rely on the often stated principle that unless *all* reasonable men would agree that the plaintiff is guilty of contributory negligence, upon a view of evidence favorable to the plaintiff, then the question should be left to the jury, *Ingram v Henry,* 373 Mich 453, 455; 129 NW2d 879 (1964); *Bay City v Carnes,* 3 Mich App 623, 625; 143 NW2d 148 (1966), as it was properly in this case."

After carefully reviewing the authorities presented and after viewing the evidence presented in this case in the light most favorable to plaintiff, we hold that it was error for the trial court to grant defendants' motions for judgment notwithstanding the verdict. There was evidence presented from which the jury could properly have found that the plaintiff not only did not see the wire, but that he was not aware of its presence, and thus was not contributorily negligent. Furthermore, even if the facts of this case were as the lower court and defendants would have them, that is, that plaintiff did see the wires before the accident, under *Mackey, Ray* and *Pigg, supra,* plaintiff

would still not be contributorily negligent as a matter of law.

In summary, on the evidence presented, it was error for the trial court to conclude as a matter of law that plaintiff was contributorily negligent. The question of plaintiff's contributory negligence was for the jury to decide. See also Judge ALLEN's opinion in *Wilhelm v Detroit Edison, et al,* 56 Mich App 116; 224 NW2d 289 (1974).

*2. Did the trial court err in granting defendants a new trial on the ground that the jury verdict was contrary to the great weight of the evidence?*

Although we have given trial courts wide discretion in deciding whether to grant or deny new trials, nevertheless a new trial may only be granted on certain legally cognizable grounds. GCR 1963, 527.1. In *Haidy v Szandzik,* 46 Mich App 552, 555; 208 NW2d 559 (1973), our Court stated:

"[W]e have given the trial courts wide discretion in determining whether to grant or deny new trial. *Benmark v Steffen,* 9 Mich App 416; 157 NW2d 468 (1968). However, as stated in *Williams Panel Brick Mfg Co v Hudsin,* 32 Mich App 175, 177; 188 NW2d 235 (1971):

" 'The rule laid down in *Benmark v Steffen, supra,* to determine if the trial judge has exercised his discretion properly is to the effect that *if the reasons assigned* by the trial judge for his action *are legally recognized and* the reasons *are supported by any reasonable interpretation of the record,* he acted within his discretion.' (Emphasis supplied.)"

Thus, when granting a new trial, the trial court must assign a legally recognized reason for its action.

In the case at bar, the trial court gave as one reason for granting defendants a new trial its opinion that the verdict was against the great

weight of the evidence. While this is a legally recognized reason for granting a new trial, GCR 1963, 527.1(5), further examination of the trial court's opinion reveals the fact that the trial court did not actually feel the great weight of the evidence showed plaintiff to be contributorily negligent, but rather that the trial court did not believe plaintiff's testimony. At page 2 of its opinion, the trial court stated:

"With the record in this condition concerning the alleged contributory negligence of the plaintiff, the court avoided making any decision on this issue when presented with a motion for directed verdict, the court being confident that no reasonable jury would find liability in this case. But the jury did find liability thus concluding that the conduct of plaintiff was that of an ordinary reasonable person under the circumstances.

"To reach this conclusion the jury must have determined that Campbell and Bos did not warn plaintiff of the danger, that plaintiff on previous occasions, including the erection of an addition next to the addition on which plaintiff worked on January 11, 1967, had never observed the wires leading into the sub-station and that plaintiff had not seen the wires on this job while he was putting up the I-beam and joists when there was nothing to obstruct his view of the wires, and that he had not seen them while he was installing the rods in the joists. In the opinion of the court, plaintiff's denial of any warning and his denial of any knowledge of the presence of these wires is so shocking as to be beyond belief. To say the least, the verdict is contrary to the great weight of the evidence. In the opinion of the court plaintiff was guilty of contributory negligence as a matter of law."

We have already stated in our earlier discussion that the trial court erred in concluding as a matter of law that plaintiff was contributorily negligent. We now hold that the trial court also erred in granting defendants a new trial on the ground

that the verdict was contrary to the great weight of the evidence. Although the granting of a new trial ordinarily rests within the discretion of the trial court, the rule does not give a trial court unlimited power to grant a new trial merely because he does not agree with the verdict. He may not substitute his judgment for that of the finders of fact, and a grant of new trial should be based upon demonstrable errors in the trial. *Humphrey v Bay Refining Co,* 16 Mich App 394; 168 NW2d 314 (1969), *lv den* 382 Mich 760 (1969).

In *Kalamazoo County Road Commissioners v Bera,* 373 Mich 310, 314; 129 NW2d 427 (1964), our Supreme Court stated:

"Where there is competent evidence to support the finding of the jury its verdict should not be set aside and a new trial granted solely because the trial judge would weigh and evaluate the evidence differently.

"The rule was stated in another way in *Sloan v Kramer-Orloff Co,* 371 Mich 403; 124 NW2d 455 (1963), by Justice O'HARA in his dissenting opinion as follows:

" 'After a careful review of the whole record, we conclude in response to our previously postulated query that the issue posed in the case at bar was not, and is not, a question of the "great" or "overwhelming" weight of all the evidence but rather a question of the credibility of witnesses testifying to diametrically opposed assertions of fact. So concluding we must, despite any misgivings or inclinations to disagree, leave the test of credibility where our system reposed it—in the trier of the facts.' "

Such is the case here. The trial court granted defendants' motions for a new trial on the basis of its view of plaintiff's credibility. Defendants claimed plaintiff saw or should have seen the wire and was warned of its presence, while plaintiff stated he was neither warned of the wire nor did he see it. A credibility question was presented, and

credibility is primarily a question for the jury rather than the court. *Bridwell v Segel,* 362 Mich 102; 106 NW2d 386 (1960). The evidence for the plaintiff is sufficient to support the verdict even though it is, as is so often the case, diametrically opposed to that produced by the defendants. The trial court exceeded its discretion by invading the province of the jury.

*3. Did the trial court err in finding that defendants had been overly prejudiced in the conduct of the trial and, therefore, were entitled to a new trial?*

Defendants first contend that comments made by plaintiffs' counsel during closing argument concerning the lack of a remedy were overly prejudicial and that the trial court was correct in granting a new trial because of the prejudice inherent in the remarks.

Just prior to the completion of his closing argument, plaintiffs' counsel made the following remark:

"It is our contention that in this case that the law and justice would be served, yes, indeed the law would be served by a judgment in favor of Martin and Mrs. Vanden Bosch against both defendants Consumers Power Company and defendant Ferro-Cast. And we ask that you consider all the evidence, consider everything you have heard in this trial, look at the situation, *is there to be in this case under these circumstances no remedy, none, for what happened? Don't have any obligation. His tough luck."* (Emphasis supplied.)

Defendants objected and requested that the trial court instruct the jury that plaintiff was receiving workmen's compensation and that plaintiffs' counsel's remark should be disregarded. The trial court then gave the following instruction:

"Something has been said in the course of the arguments by counsel, or the implication or inference made that this is the only remedy that Mr. and Mrs. Martin Vanden Bosch may have. Now, that should not be the basis for your decision in this case.

"The verdict should rest upon the facts in this case. And the facts will not be altered one way or the other by speculating about whether there is or whether there isn't another remedy, or whether this is the only one, or whether he has a dozen. That would be contrary to this instruction. Sympathy or prejudice must not influence your decision. What are the facts?"

After reading the opinion of the lower court, we are not sure whether the court granted the new trial under GCR 1963, 527.1(1) or (2), irregularity or misconduct of the prevailing party. In either case, it is undisputed that prejudicial appeals to sympathy are improper argument.

It is also undisputed that the trial court properly refused to inform the jury that plaintiff was receiving workmen's compensation benefits. *Hill v Harbor Steel & Supply Corp,* 374 Mich 194; 132 NW2d 54 (1965); *VandenBerg v Grand Rapids Gravel Co,* 42 Mich App 722; 202 NW2d 694 (1972). It should also be readily apparent that in view of *Hill* and *VandenBerg,* plaintiffs' counsel's statement was incorrect, and that incorrect statements by counsel should not be approved. Therefore, the question we must decide is whether the statement, cured as it was by the court's instruction to disregard, was sufficiently prejudicial to constitute grounds for a new trial.

In *Koepel v St Joseph Hospital,* 381 Mich 440, 443; 163 NW2d 222 (1968), our Supreme Court discussed the procedure to be followed in objecting to a prejudicial remark made during closing argument when it stated:

"If counsel defending thinks that his defense has

been hurt incurably by a prejudicial closing argument, his remedy of prompt motion for mistrial is open to him. If on the other hand the situation in his view is reparable by the trial judge, a formal request for judicial correction is not only in order but tactically valuable. So, when the defendant conceives himself prejudiced by factual misstatements or inflammatory forensics delivered in the course of final argument, and yet does not want to go through another trial via motion for mistrial, it is highly important that he ask for and obtain relief through an affirmative request which * * * will effectively erase the item or items of concern."

Thus, if the aggrieved party feels that the error committed was minor, he can request the trial court to cure that error via instructions. If he feels deeply prejudiced by the error committed during argument, he can move for a mistrial.

In the instant case, each defendant had the opportunity to move for a mistrial but both declined to do so. Instead they requested the court to instruct the jury to disregard the remarks of plaintiffs' counsel. We are of the opinion that the remarks challenged by defendants were not sufficiently prejudicial to warrant a new trial and that the court's instructions to the jury that its decision should in no way be based on sympathy for plaintiff effectively cured any prejudice that may have occurred by plaintiffs' counsel's remarks. See *Conerly v Liptzen,* 41 Mich App 238; 199 NW2d 833 (1972); and *Owen v Birmingham Federal Savings,* 27 Mich App 148; 183 NW2d 403 (1970).

Defendants also allege that there was sufficient juror misconduct to warrant the trial court's granting a new trial.

A short time after the jury's verdict was rendered, the trial court was informed by the baliff

that one of the jurors had told him that he had visited the scene of the accident. At the hearing on the motion for a new trial, this juror was examined, over plaintiff's objection, as to the view he had taken. He testified that the view did nothing to influence his vote and that he did not inform the other members of the jury of his conduct.

An unauthorized view by the finder of fact is misconduct. See *People v Eglar,* 19 Mich App 563; 173 NW2d 5 (1969). In that case we held that it was error for a trial judge, sitting as the trier of fact, to view the scene of the crime without having given the defendant and counsel for both parties an opportunity to be present.

However, we feel *Eglar* is distinguishable from the case at bar since in *Eglar* the entire finder of fact viewed the scene while in this case only one of the six jurors went to the site of the accident. Had the entire jury gone to the scene, *Eglar* might be persuasive, but since only the conduct of one juror is involved, we do not deem *Eglar* to be controlling.

In *Kwaiser v Peters,* 381 Mich 73; 158 NW2d 877 (1968), a verdict was returned by a count of 11 to 1 and one juror was subsequently challenged for his misconduct. Justice KELLY, in his opinion for affirmance by an equally divided court, implied that even if a juror was shown to have acted improperly, the verdict would not be set aside if the same verdict would have resulted without that juror, when he stated at pages 79–80:

"No proof has been submitted to this Court as to how juror Ruffus Thomas voted. Conceding that he voted against plaintiff's claim, the record shows that there still would be 10 jurors voting 'No cause of action,' in addition to Thomas. And 10 jurors agreeing upon a verdict is sufficient to sustain the verdict."

Justice KELLY's reasoning also applies here. The verdict was unanimous. Defendants have failed to make any showing that any prejudice resulted to them from the juror's view. In fact, the juror's testimony affirmatively shows a lack of prejudice. Even were this juror to be disqualified, the record reveals that there still would be five jurors voting in favor of plaintiffs. Under our present system, five jurors agreeing upon a verdict is sufficient to sustain that verdict.* Therefore, the trial court erred in granting defendants a new trial on this ground.

*4. Did the trial court err in finding that the indemnification contract did not apply to protect defendant Consumers?*

Indemnity clauses are construed most strictly against the party who drafts them and the party who is the indemnitee. *Klann v Hess Cartage Co,* 50 Mich App 703; 214 NW2d 63 (1973); *Geurink v Herlihy Mid-Continent Co,* 5 Mich App 154; 146 NW2d 111 (1966); *Meadows v Depco Equipment Co,* 4 Mich App 370; 144 NW2d 844 (1966); *Baker Contractor Inc v Chris Nelsen & Son, Inc,* 1 Mich App 450; 136 NW2d 771 (1965). Indemnification contracts will not be construed to indemnify the indemnitee (here Consumers) against losses from his own negligent acts unless such an intent is expressed in unequivocal terms. *Klann, supra; Geurink, supra; Meadows, supra.*

The indemnity agreement in this case provided that defendant Ferro-Cast would save Consumers harmless for any loss by reason of the "location of such building under the transmission and/or distribution line wires of said second party (Consumers)". The agreement did not provide for protection for the negligent maintenance of the wires over

---

* MCLA 600.1352; MSA 27A.1352.

the buildings, nor did it provide for protection against Consumers' failure to remedy a known dangerous situation, that is, the fact that the wires were hung too low in violation of a safety regulation. As the trial court stated in its opinion, it is only a matter of inference as to whether or not the agreement covers the negligence of the indemnitee. *Geurink* and its progeny require that such coverage be expressly stated in the agreement. Since the agreement did not specifically state that it covered the negligent acts of the indemnitee, we hold that the trial court was correct in its ruling that there should be no idemnification in this case.

For the reasons delineated above, the decision of the trial court granting defendants' motions for judgment notwithstanding the verdict is reversed; accordingly, the verdict of the jury should be reinstated.

Reversed without a new trial. Remanded for entry of judgment on the jury verdict. Costs to plaintiffs.

All concurred.