HERCULES DRAWN STEEL CORPORATION v DORAN ELECTRIC
COMPANY, INC.

1. CONTRACTS—INDEMNITY CLAUSE—CONSTRUCTION.

An indemnity clause in a contract is construed most strictly against the party who drafted it and the party who is the indemnitee.

2. CONTRACTS—AMBIGUITY—DUTY OF COURT—CONSTRUCTION—FACTORS CONSIDERED.

It is the duty of the court to determine, if possible, the true intent of the parties when construing an ambiguity in a contract, and in determining this intent, the court should consider the language employed, the subject matter, and the surrounding circumstances under which the parties entered into the agreement.

3. CONTRACTS—INTERPRETATION—ABSURD CONDITIONS.

Courts will not interpret a contract in a manner which would impose an absurd or impossible condition on one of the parties.

4. CONTRACTS—INDEMNITY CLAUSE—EMPLOYEES OF PARTIES—INJURY OF THIRD PARTY.

A defendant who is liable, under an indemnification provision of a contract, for injuries arising out of or as a result of its work under the contract, which consisted of disconnecting electrical equipment in plaintiff's factory, is not liable for injuries to a third party who was not employed by either plaintiff or defendant and who entered the premises without the knowledge of the defendant or its employees for the purpose of dismantling a shed containing electrical equipment to obtain the wood for his personal use; the injured party's activity had no relation to or purpose of aiding the work to be performed under the contract.

Appeal from Wayne, Peter B. Spivak, J. Submit-

REFERENCES FOR POINTS IN HEADNOTES
17 Am Jur 2d, Contracts §§ 286, 292.
17 Am Jur 2d, Contracts § 274.
17 Am Jur 2d, Contracts § 252.
17 Am Jur 2d, Contracts §§ 286, 292.

ted June 5, 1975, at Detroit. (Docket No. 16159.) Decided September 10, 1975.

Complaint by Hercules Drawn Steel Corporation against Doran Electric Company, Inc. for a declaratory judgment determining rights under a contract. Complaint dismissed. Plaintiff appeals. Affirmed.

*Sullivan, Ranger, Ward & Bone,* for plaintiff.

*Alexander, Buchanan & Seavitt,* for defendant.

Before: DANHOF, P. J., and R. B. BURNS and R. M. MAHER, JJ.

DANHOF, P. J. Plaintiff Hercules Drawn Steel Corporation (hereafter Hercules) brought this action seeking a declaratory judgment to determine the rights under a contract between the plaintiff and defendant Doran Electric Company, Inc. (hereafter Doran). The trial court dismissed the complaint. The plaintiff appeals. We affirm.

On June 9, 1967, the parties entered into a contract pursuant to a decision by the plaintiff to move its operations from Detroit to Livonia, Michigan. Within the scope of the work as defined by the contract, the contractor was to "disconnect equipment in existing plant to prepare for moving". The contract further specified that the contractor was to "disconnect power and control wiring and dismantle conduit connections and panel mounting as required for equipment in the Owner's existing plant. This work is to assist in preparation for moving equipment to new plant." The defendant agreed to these provisions, which were contained in a form supplied by the plaintiff entitled "Specifications for Electrical Work for New

Plant" and which became part of the contract between the parties.

On November 16, 1967, Robert Oster was injured while trying to dismantle a wooden shed located in the plaintiff's plant. The shed was used to house electrical circuitry. Oster was not an employee of either of the parties. He had to have permission from a Hercules foreman to enter the plant. Oster and William Cischke, an off-duty employee of the plaintiff, wanted the wood from the shed to make improvements to Oster's house. Cischke had received permission from the plaintiff to take the wood. While the two were dismantling the shed between 6 p.m. and 8 p.m., Oster received burns from the electrical wiring contained therein.

The defendant neither knew about nor authorized the work done by Oster and Cischke. While Doran employees did remove rectifiers from disconnect switches located in the shed and did leave power in the line to the switches on the day of the accident, the fuses were taken out of the switches and the switches were turned to the "off" position. All the defendant's employees had left the plant after the 3 p.m. quitting time. Furthermore, the defendant was not obligated under the contract to remove the shed. Removal of the shed was the plaintiff's responsibility.

Robert Oster subsequently brought suit against Hercules for the injuries received. The jury returned a verdict in favor of Oster against Hercules for the breach of several duties that Hercules owed Oster.

Plaintiff Hercules brought the present action seeking recovery from the defendant under provisions of the contract between the parties. The relevant provisions are those relating to indemnification and insurance. Under both, the defendant

becomes obligated to the plaintiff for injuries arising out of or resulting from the performance of the work of the defendant under the contract.

The trial court ruled that the parties had entered into the above-mentioned contract. However, the trial court held the indemnification and insurance provisions were "neither applicable or *[sic]* enforceable to or against the defendant-contractor, Doran Electric Company, Inc. as to the occurrence and events set forth in plaintiff's complaint".

The issue presented is whether the trial court erred in ruling that the indemnification and insurance provisions of the contract between Hercules and Doran were not applicable to the occurrence and events set forth in the plaintiff's complaint.

The present case necessarily involves interpretation of the contract between the parties. The case law provides the applicable rules of interpretation for this contract.

The court in *Vanden Bosch v Consumers Power Co,* 56 Mich App 543, 558; 224 NW2d 900 (1974), stated:

"Indemnity clauses are construed most strictly against the party who drafts them and the party who is the indemnitee. *Klann v Hess Cartage Co,* 50 Mich App 703; 214 NW2d 63 (1973), *Geurink v Herlihy Mid-Continent Co,* 5 Mich App 154; 146 NW2d 111 (1966), *Meadows v Depco Equipment Co,* 4 Mich App 370; 144 NW2d 844 (1966), *Baker Contractor Inc v Chris Nelsen & Son, Inc,* 1 Mich App 450; 136 NW2d 771 (1965)."

The intent of the parties is an important factor as noted in *Gary Boat Club, Inc v Oselka,* 31 Mich App 465, 471–472; 188 NW2d 127 (1971), *lv den* 385 Mich 770 (1971):

" 'We are well aware of the settled rules of law, so

well established that citation of authority therefor is unnecessary, that it is not the province of the court by construction or by the addition of words or punctuation to remake the contract of the parties or to find a meaning not intended. Where ambiguity exists, however, it is the duty of the court to determine, if possible, the true intent of the parties by construction of the instrument.' *Fox v Detroit Trust Co,* 285 Mich 669, 677 [281 NW 399] (1938).

"In determining this 'true intent' the trial court should consider the language employed, the subject matter, and the surrounding circumstances under which the parties entered into the agreement; it should effectuate the intent of the parties when the agreement was consummated. *Kellogg v Kellogg Toasted Corn Flake Co,* 212 Mich 95 [180 NW 397] (1920); *Montgomery v Central National Bank & Trust Co of Battle Creek,* 267 Mich 142 [255 NW 274] (1934)."

Finally, *Wembelton Development Co v The Travelers Insurance Co,* 45 Mich App 168, 172; 206 NW2d 222 (1973), stated:

"Courts will not interpret a contract in a manner which would impose an absurd or impossible condition on one of the parties."

The pertinent provisions of the contract in the present case relating to indemnification and insurance were supplied by the plaintiff. Furthermore, the party sought to be protected as an indemnitee was the plaintiff. Therefore, the contract will be strictly construed against the plaintiff. *Vanden Bosch v Consumers Power Co, supra.*

The defendant is liable for injuries arising out of or resulting from its work under the contract. What the parties intended to be the work of the defendant becomes determinant. The defendant was to disconnect the electrical equipment as the plaintiff proceeded to move its operations from its

then existing plant to the new location in Livonia. On the day of the accident, the Doran employees had finished their work for the day and left. The injury to Oster did not arise out of or result from that work. The injury arose out of and resulted from a venture entirely divorced from the defendant's task. Oster and Cischke were dismantling the shed, not with any relation to or purpose of aiding the transfer of electrical equipment from the old to the new plant, but with the purpose of taking wood for Oster's own personal use. The defendant neither authorized nor knew of this independent venture. Further, the contract in no way indicates even the possible existence of such independent projects, let alone the possibility that the defendant will be held liable for them. A review of all the surrounding facts and circumstances as well as a thorough reading of the entire contract indicates that the parties did not intend at the time they entered into the contract to hold the defendant liable for injuries arising out of activities so unrelated to the contract itself.

The trial court was not in error, but correctly determined that the indemnification and insurance provisions were neither applicable to nor enforceable against Doran Electric Company, Inc.

Affirmed. Costs to the defendant.