## PEOPLE v. HOLLINGSWORTH

1. CONSTITUTIONAL LAW—TRIAL—FAIR TRIAL—WITNESSES—CROSS-EXAMINATION—CONFRONTATION.

   The rights of cross-examination and confrontation of witnesses are fundamental requirements of a fair trial.

2. CONSTITUTIONAL LAW—CRIMINAL LAW—JURY—WITNESSES.

   A juror's unauthorized view of the scene of the alleged crime denied defendant his constitutional right to confront the witnesses against him since that juror by his unauthorized visit became an unsworn witness against defendant (US Const, Am 6).

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J.  Submitted Division 1 January 15, 1970, at Detroit.  (Docket No. 6,780.)  Decided March 25, 1970.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 333 *et seq.*
[2] 53 Am Jur, Trial § 441 *et seq.*

Robert James Hollingsworth was convicted of attempted kidnapping and felonious assault. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*William Brodhead,* for defendant on appeal.

Before: DANHOF, P. J., and FITZGERALD and Mc-GREGOR, JJ.

McGREGOR, J. The issue on this appeal is the effect of an unauthorized visit by a juror to the scene of the alleged crime during the jury deliberations. Defendant was convicted of the crimes of attempted kidnapping, CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287); CL 1948, § 750.349 (Stat Ann 1954 Rev § 28.581), and felonious assault, CL 1948 § 750.82 (Stat Ann 1962 Rev § 28.277).

The pertinent facts show that after the jury began its deliberations one of the jurors went to the scene of the alleged crime, even though he had been instructed not to visit said scene. The chronology of events in this case were: first, that the jury had deliberated approximately one and one-half hours; second, the juror went to the scene, stopped and viewed the area, although he did not leave his car; third, on the following morning, the juror informed the other members of the jury that he had so visited the scene; fourth, after three more hours of deliberation, this fact was brought to the attention of the trial judge; fifth, the court thereupon conducted an examination of the juror as to whether he had been

influenced by his visit to the scene; sixth, after being satisfied that the juror had not been influenced, the court sent the jury back to continue their deliberations; and seventh, some three hours later, the jury returned a verdict of guilty.

Defendant now appeals, claiming denial of his Sixth Amendment right to confront the witnesses against him, as made applicable to the states through the Fourteenth Amendment. *Pointer* v. *Texas* (1965), 380 US 400 (85 S Ct 1065; 13 L Ed 2d 923). We agree with defendant's contention.

The New York Court of Appeals, in *People* v. *De Lucia and Montella* (1967), 20 NY2d 275 (282 NYS 2d 526, 229 NE2d 211), held, when faced with a similar proposition involving several jurors who went to the scene of an attempted burglary and actually re-enacted the alleged crime, that such could constitute inherent prejudice to defendants, and granted a new trial, without proof as to how such visit may have influenced the individual jurors in their jury room deliberations.  In *De Lucia,* the court quoted a United States Supreme Court case which stated that the rights of cross-examination and confrontation were fundamental requirements of a fair trial:

"* * * 'Sheppard v. Maxwell* (1966), 384 US 333, 351 (86 S Ct 1507, 1516; 16 L Ed 2d 600, 614), that the rights of confrontation and cross-examination are among the fundamental requirements of a constitutionally fair trial.' "

and then, the court stated:

"[T]hese jurors became unsworn witnesses against the defendants in direct contravention of their right, under the Sixth Amendment, 'to be confronted with the witnesses' against them.

\*        \*        \*

"In this type of case, proof of the fact of the unauthorized visit is sufficient to warrant a new trial

without proof of how such visit may have influenced individual jurors in their juryroom deliberations. Such a visit, in and of itself, constitutes inherent prejudice to the defendant." 20 NY2d 275, 279, 280 (282 NYS2d 526, 530; 229 NE2d 211, 214).

In the case of *People* v. *Eglar* (1969), 19 Mich App 563, defendant was given a new trial when a judge, sitting without a jury, viewed the premises of the alleged scene of a crime, without having given the defendant and counsel for both parties an opportunity to be present with him. See also *People* v. *Harvey* (1968), 13 Mich App 211. Although defense counsel did not raise objection at trial level, the judge's improper actions necessitated reversal. The Court found that reversal was necessary, first because of the importance of the defendant's confrontation with the witnesses, and also, that a lawyer should not be put into the position of challenging the judge's conduct and thereby possibly incurring the judge's displeasure.

The juror who made an unauthorized visit to the scene of the crime had become an unsworn witness against the defendant, which was in contravention of defendant's constitutional right to be confronted with the witnesses against him.

Accordingly, this case is reversed and remanded. All concurred.