## SHELBY MUTUAL INSURANCE COMPANY
### *v.* CITY OF GRAND RAPIDS.

1. CONTRACTS—BREACH OF CONTRACT—FIRE PROTECTION.

    Order of trial court granting summary judgment for defendant city in suit for breach of contract to provide nonresident plaintiffs with fire protection on ground that contract contained an exculpatory clause exonerating defendant city from liability, and thus declarations failed to state a claim upon which relief could be granted *held*, erroneous, since the exculpatory clause relieves defendant of liability only on failure to furnish "adequate fire protection," and here *no protection* is alleged (GCR 1963, 117.2[1]).

2. SAME—LIABILITY FOR NEGLIGENCE—GROSS NEGLIGENCE.

    A party may contract against liability for harm caused by his negligence in performance of a contractual duty, but he may not do so with respect to his gross negligence.

3. SAME—EXCULPATORY CLAUSE—FIRE PROTECTION—GROSS NEGLIGENCE.

    Exculpatory clause in contract for fire protection which purported to relieve defendant city from liability resulting from its negligence would not apply to plaintiff's declaration, where gross negligence is charged.

4. APPEAL AND ERROR—TRIAL COURT—PRESUMPTIONS.

    The Court of Appeals presumes that a trial court will follow the law, until the contrary is shown.

Appeal from Kent; Vander Ploeg (Claude), J. Submitted Division 3 December 6, 1966, at Grand

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading §§ 340–342.
[2, 3] 17 Am Jur 2d, Contracts § 188.
[4] 4 Am Jur 2d, Appeal and Error § 17.

Rapids. (Docket No. 1,945.) Decided February 14, 1967. Rehearing denied March 16, 1967. Leave to appeal dismissed on stipulation June 7, 1967.

Declaration by the Shelby Mutual Insurance Company, an Ohio corporation, subrogee of Lester R. Keister against the City of Grand Rapids, a municipal corporation, for damages resulting from a breach of contract to provide fire protection. New York Fire Insurance Company, a New York corporation, and Northern Insurance Company, subrogees of Lester R. Keister and Eva Keister were joined as parties plaintiff. Summary judgment for defendant. Plaintiffs appeal. Reversed and remanded for trial.

*Smith & Haughey* (*L. Roland Roegge,* of counsel), for New York Fire Insurance Company and Northern Insurance Company.

*Cholette, Perkins & Buchanan* (*Calvin R. Danhof,* of counsel), for Shelby Mutual Insurance Company.

*Steven L. Dykema,* City Attorney, and *George O. Walters,* Assistant City Attorney, for the City of Grand Rapids.

Quinn, P. J. Defendant obtained a summary judgment (GCR 1963, 117) below and plaintiffs appeal, questioning the propriety of such action on the record before the trial court.

Plaintiffs carried the fire insurance on the automobiles, garage, home and contents of Mr. and Mrs. Lester Keister, who resided outside the corporate limits of defendant. Keisters contracted with defendant for fire protection for their property at a fee of $15.75 annually. After reciting it was an application for fire protection service for the described

property of Keisters at the stated address, to commence on a stated date for an agreed fee, the contract provided as follows:

"It is my understanding that this service is to be provided in accordance with the resolution in city commission file no. 96186 of July 14, 1952, which provides in part substantially as follows: (1) that the payment may not be refunded but that the property shall be protected for a year regardless of change in ownership, (2) that the fire chief may discontinue protection by payment of a pro rata refund, (3) that the sole discretion will rest with the fire chief as to the men and equipment that will answer each alarm and that the sending of men and equipment will be subordinate to the necessary requests inside the city limits.

"I further agree that the city shall not be liable for any loss or damage that may arise through negligence of the city, its officers or employees, or by reason of any alleged failure by the city to furnish adequate fire protection to my property."

While this contract was in force and on December 8, 1960, a fire occurred in Keisters' garage; defendant's fire department was called and the dispatcher informed of the fire and its location and immediate service was requested. The dispatcher refused to send any firefighting equipment and Keisters' automobiles, garage, home and contents were substantially damaged before a township fire department extinguished the fire. Plaintiffs paid the losses and were subrogated to the rights of the Keisters. The latter filed notice of claim with defendant; the claim was denied and this suit was filed.

In granting defendant's motion for summary judgment, the trial judge stated in part:

"The language of the contract as above set forth[1] is clear, and there can be no misunderstanding by the parties relative to the meaning of the same. The consideration received by the city of Grand Rapids was minimal, and, therefore, the city was making it clear that they were not subjecting themselves to liability."

Apparently, the ruling was that the contract was unambiguous and the exculpatory clause therein exonerated defendant of liability; thus the complaints failed to state a claim upon which relief could be granted. GCR 1963, 117.2(1).

We believe this ruling is erroneous on the facts before us. In effect it holds that the exculpatory clause protects defendant even though it furnished no protection under a contract requiring it to furnish protection. We do not conceive the term "adequate fire protection" found in the exculpatory clause to include *no protection*. Such a construction makes ineffective the obligation of defendant to furnish protection. (See *De Boer* v. *Geib* [1931], 255 Mich 542; 4 Williston, Contracts (3d ed), § 619.)

In addition, the complaints of New York Fire Insurance Company and Northern Insurance Company alleged gross negligence, and while the general rule apears to be that a party may contract against liability for harm caused by his negligence in performance of a contractual duty, he may not do so with respect to his gross negligence. 6A Corbin on Contracts, § 1472 at pages 596, 597; *Thomas* v. *Atlantic Coast Line R. Co.* (CA5, 1953), 201 F2d 167. Thus the exculpatory clause would not apply to New York and Northern, if gross negligence is proved.

We decline to rule on the other issues raised by plaintiffs since they are not involved in the summary judgment, and we presume the trial court

---

[1] The language referred to is quoted above in this opinion.

will follow the law, until the contrary is shown. *Gailitis* v. *Bassett* (1966), 5 Mich App 382.

Reversed and remanded for trial, with costs to plaintiffs.

FITZGERALD and HOLBROOK, JJ., concurred.