# STATE OF MICHIGAN

# COURT OF APPEALS

LEXINGTON INSURANCE COMPANY,

    Plaintiff-Appellant,

v

THE ALAN GROUP and CONDOR PIPING
INCORPORATED,

    Defendants-Appellees.

UNPUBLISHED
August 9, 2016

No. 326921
Wayne Circuit Court
LC No. 14-000382-CL

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine issue of material fact). The trial court initially had also granted summary disposition in favor of defendants in part pursuant to MCR 2.116(C)(7) (statute of limitations), but subsequently granted plaintiff's motion for reconsideration in that respect. It denied plaintiff's motion for reconsideration with respect to MCR 2.116(C)(8) and (C)(10). We affirm in part and reverse in part.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff issued a property insurance policy to the owner and manager of an apartment building (the "Midtown property"), UrbCamCom/WSU 1, LLC (UCC) and Campus Advantage, Inc., respectively (the insureds), providing insurance for loss or damage to the building. UCC retained defendant The Alan Group as a general contractor to work on the Midtown property; the work was to include the installation of a sprinkler system. The Alan Group retained defendant Condor Piping Incorporated as a subcontractor to install the sprinkler system. The contract between UCC and The Alan Group contained the following clauses relevant to this appeal:

> **§ 11.3.5** If during the project construction period the Owner insures properties, real or personal or both, or at adjacent to the site by property insurance under policies separate from those insuring the project, or if after final payment property insurance is to be provided on the completed Project through a policy or policies other than those insuring the Project during the construction period, the Owner shall waive all rights in accordance with the terms of Section 11.3.7 for damages

-1-

caused by fire or other causes of loss covered by this separate property insurance. All separate policies shall provide this waiver of subrogation by endorsement or otherwise.

*   *   *

## § 11.3.7 WAIVERS OF SUBROGATION

The Owner and the Contractor waive all rights against (1) each other and any of their subcontractors, sub-subcontractors, agents and employees, each of the other, and (2) the Architects, Architects consultants, separate contractors described in Article 6, if any, and any of their subcontractors, sub-subcontractors, agents and employees, for damages caused by fire or other causes of loss to the extent covered by property insurance obtained pursuant to this section 11.3 or other property insurance applicable to the Work, except such rights as they have to proceeds of such insurance held by the Owner as fiduciary. The Owner or Contractor, as appropriate shall require of the Architect, Architect's consultants, separate contractors described in Article 6, if any, and the subcontractors, sub-subcontractors, agents and employees of any of them, by appropriate agreements, written where legally required for validity, similar waivers each in favor of other parties enumerated herein. The policies shall provide such waivers of subrogation by endorsement or otherwise. A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have a duty of indemnification, contractual or otherwise, did not pay the insurance premium directly or indirectly, and whether or not the person or entity had an insurable interest in the property damaged.

In January 2012, a dry-fire suppression line for the installed dry-pipe sprinkler system ruptured in two separate locations, flooding the Midtown property. Plaintiff reimbursed the insureds for their losses under its insurance policy. Plaintiff then brought this subrogation action against defendants, alleging claims of negligence, gross negligence, breach of implied/express warranty, and breach of implied/express contract.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10), arguing that the waiver of subrogation clause in the contract barred plaintiff's claims, that plaintiff had failed to state a claim for gross negligence, and that plaintiff's claims were barred by an applicable statute of limitations or repose. The trial court held that plaintiff had failed to state a claim for gross negligence, and further that its claim for gross negligence were barred by the statute of limitations found in MCL 600.5839. The trial court held that plaintiff's remaining claims were barred by the waiver of subrogation clause. The trial court specifically declined to decide whether the waiver of subrogation clause barred plaintiff's claim for gross negligence.

Plaintiff moved the trial court for reconsideration, arguing that the trial court had erred in dismissing its gross negligence claim. The trial court agreed that it had erred in dismissing plaintiff's gross negligence claim on limitations grounds; however, it reaffirmed its holding that plaintiff had failed to state a claim for gross negligence. The trial court also held, for the first time, that the waiver of subrogation clause also barred plaintiff's claim for gross negligence and

thus that summary disposition should also be granted in favor of defendants on plaintiff's gross negligence claim under MCR 2.116(C)(10). This appeal followed, limited to the trial court's grant of summary disposition on plaintiff's claim for gross negligence.

## II. STANDARD OF REVIEW

Plaintiff argues that the trial court erred in granting summary disposition in favor of defendants on its gross negligence claim. "This Court reviews de novo a circuit court's decision whether to grant or deny summary disposition." *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012).

A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint based on the pleadings alone. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "The trial court reviewing the motion must accept as true all factual allegations supporting the claim, and any reasonable inferences or conclusions that might be drawn from those facts." *Gorman v Am Honda Motor Co*, 302 Mich App 113, 131; 839 NW2d 223 (2013). Nonetheless, "the mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *ETT Ambulance Serv Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498 (1994). Summary disposition under (C)(8) is appropriate only when the claims are "so clearly unenforceable as a matter of law that no factual development could justify recovery." *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). The "circuit court must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. All reasonable inferences are to be drawn in favor of the nonmovant. *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010).

## III. WAIVER OF SUBROGATION CLAUSE

Plaintiff argues that the trial court erred by determining that the waiver of subrogation clause barred a gross negligence claim, and therefore by holding on reconsideration that summary disposition was proper for that reason under MCR 2.116(C)(10). We agree.

Plaintiff concedes that the waiver of subrogation clause bars its claims apart from its claim for gross negligence. Indeed, caselaw provides that "a party may contract against liability for harm caused by his ordinary negligence." *Lamp v Reynolds*, 249 Mich App 591, 594; 645 NW2d 311 (2002). See also *Shelby Mut Ins Co v City of Grand Rapids*, 6 Mich App 95, 98; 148 NW2d 260 (1967). However, a party may not, by contract, protect itself from liability for gross negligence or willful and wanton misconduct. *Lamp*, 249 Mich App at 594; *Shelby Mut Ins*, 6 Mich App at 98; *Universal Gym Equipment, Inc v Vic Tanny International, Inc*, 207 Mich App 364, 367-368; 526 NW2d 5 (1994), vacated on reh in part on other grounds, 209 Mich App 511 (1995).

-3-

We therefore reverse the trial court's holding that plaintiff's claim for gross negligence was barred by the waiver of subrogation clause.[1]

## IV. FAILURE TO STATE A CLAIM

Plaintiff also argues that the trial court erred by holding that it failed to state a claim of gross negligence. We disagree. "[C]onduct so reckless as to demonstrate a substantial lack of concern for whether an injury results" constitutes gross negligence. *Xu v Gay*, 257 Mich App 263, 269; 668 NW2d 166 (2003). Put another way, a person acting in a grossly negligent manner acts with an apparent "willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks. It is as though, if an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004).

Plaintiff alleges that defendants' actions constituted gross negligence in a variety of ways. However, the nature of those allegations, both individually and cumulatively, is that defendants failed to follow "best practices" (rather than minimally acceptable practices), and failed to act "properly" (rather than failed to act entirely). We conclude that nothing in plaintiff's factual allegations shows or implies that defendants acted with willful or reckless disregard for what damage could be caused if they failed to attend properly to the draining of the sprinkler system. Rather, the totality of the factual allegations assert in essence simply that defendants acted with carelessness in failing to drain the dry-pipe sprinkler system and in failing to provide proper instruction on how to do so. Thus, at best, plaintiff's allegations only support a claim for ordinary negligence.

We thus conclude that the trial court did not err in holding that plaintiff failed to state a claim in gross negligence against defendants. MCR 2.116(C)(8). We further conclude, as the trial court did, that the amendment of plaintiff's complaint would be futile. *Id*., see also *Lane v KinderCare Learning Centers, Inc*, 231 Mich App 689, 696; 588 NW2d 715 (1998). With its motion for reconsideration, several months after the grant of summary disposition and over a year after the commencement of litigation, plaintiff presented the trial court with a proposed amended complaint that merely repeated the same factual allegations found its initial complaint and asserted again that those allegations stated a claim for gross negligence. Because those factual allegations are insufficient to support a claim of gross negligence, we agree with the trial court that amendment of plaintiff's complaint would be futile.

---

[1] We acknowledge defendants' position that the public policy concerns underlying the cited caselaw may be weaker or non-existent in a setting such as this, involving sophisticated commercial entities allocating the risk of property damage. Nonetheless, the language of the cited cases is broad, and is not limited to non-commercial settings. Moreover, given our affirmance of the trial court's grant of summary disposition under MCR 2.116(C)(8), it is unnecessary for us to further consider this issue.

We note that, at both the summary disposition hearing and the reconsideration hearing, the trial court considered the supporting affidavit of plaintiff's expert, Nathaniel Lee, a member of the National Fire Protection Association (NFPA) and the Society of Fire Protection Engineers, who opined that defendants' "failure to properly drain the dry-pipe sprinkler system . . . demonstrated a substantial lack of concern that the system was prepared to withstand the onset of freezing weather and function to protect the [Midtown property] from fire." Motions for summary disposition under MCR 2.116(C)(8) are decided on the basis of the pleadings alone. *Mack v Detroit (On Remand)*, 254 Mich App 498, 499; 658 NW2d 492 (2002). It thus appears that the trial court may have considered the affidavit in the context of evaluating defendant's motion for summary disposition under MCR 2.116(C)(10). However, the trial court's order granting summary disposition in that respect cited only to MCR 2.116(C)(8). And on reconsideration, while the trial court again addressed Lee's affidavit and concluded it did not establish gross negligence, it again addressed that aspect of its ruling only with reference to MCR 2.116(C)(8). A trial court speaks through its written orders. *Johnson v White*, 430 Mich 47, 53; 420 NW2d 87 (1988). It therefore appears from the record before us that the trial court did not grant summary disposition on plaintiff's gross negligence claim pursuant to MCR 2.116(C)(10) based on the insufficiency of the evidence supporting its gross negligence claim. Lee's affidavit is thus irrelevant to the issues on appeal.

Further, while Lee's opinion was based on defendant's alleged violation of NFPA standards, and the "violation of a safety . . . statute creates a rebuttable presumption of negligence," *Klinke v Mitsubishi Motors Corp*, 458 Mich 582, 592; 581 NW2d 272 (1998), "evidence of ordinary negligence does not create a material question of fact concerning gross negligence." *Maiden*, 461 Mich at 122-123. As the trial court properly noted, Lee's opinion that defendants acted with a "substantial lack of concern" is merely his conclusion about a legal issue, which is outside the scope of Lee's expertise and which the trial court was not bound to accept. Even if Lee's affidavit was relevant to the trial court's grant of summary disposition, the trial court would not have erred in finding it unpersuasive, nor would it have erred in finding any other evidence of gross negligence to be lacking.

Affirmed in part and reversed in part. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra